## TEXAS FURNITURE CO. v. MEYERS.
### (No. 7158.)

(Court of Civil Appeals of Texas. Dallas. May 23, 1914. Rehearing Denied June 13, 1914.)

1. LIBEL AND SLANDER (§ 80*)—PETITION—SUFFICIENCY.

A petition which clearly sets forth the import of a libelous communication, and contained innuendoes explaining wherein the language used was libelous, and calculated to affect plaintiff's character and reputation for honesty, and averred that it was falsely and maliciously made, and that plaintiff was damaged, is sufficient; the statutes not requiring a different rule in an action for libel from other cases.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 184–186; Dec. Dig. § 80.*]

2. LIBEL AND SLANDER (§ 16*)—WHAT CONSTITUTES — WORDS LIBELOUS PER SE — "LIBEL."

A letter to plaintiff's employer charging that plaintiff had assigned his wages to the writer when shown by innuendo to be one which would affect plaintiff's financial reputation, and subject him to contempt and ridicule, is libelous per se under Rev. St. 1911, art. 5595, declaring that a libel is a defamation expressed in writing tending to injure the reputation of one who is alive, and to expose him to public hatred, ridicule, or financial injury.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 1–9; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 5, pp. 4116–4125.]

Appeal from District Court, Dallas County; R. C. Roberts, Judge.

Action by F. A. Meyers against the Texas Furniture Company. From a judgment for plaintiff, defendant appeals. Affirmed.

L. L. Albright, Firmin & Yeargin, and J. J. Eckford, all of Dallas, for appellant. Carden, Starling, Carden, Hemphill & Wallace, of Dallas, for appellee.

RAINEY, C. J. This is a libel suit, wherein appellee, Meyers, sued the appellant furniture company, for damages for sending to his employer, Sears-Roebuck Company, a libelous letter concerning appellee. A trial was had, and judgment was rendered for appellee, from which the furniture company appeals.

[1] The appellant assigns as error the action of the court in overruling its general demurrer to plaintiff's petition.

The proposition urged is that:

"Unless the alleged libelous publication is set forth in hæc verba, or purports to be so set forth, in the petition, the allegation is merely an assertion of the legal effect of the publication as viewed by the pleader, and is subject to general demurrer, nor will words of innuendo add to the strength of the allegation, unless purporting to quote the alleged libelous matter in hæc verba."

The petition alleges:

"That on or about said date the defendant, acting by and through its duly authorized agent who was then and there acting within the scope of his employment for the defendant, wrote, published, and caused to be delivered to said Sears-Roebuck Company a statement in writing wherein the defendant, so acting, alleged and stated that the defendant had had an assignment of wages on him, the plaintiff, to the amount of $15.35, providing for attorney's fee of $10."

The letter containing the libelous matter is as follows:

"Dallas, Texas.

"Sears-Roebuck & Co., Dallas, Texas—Gentlemen: We wish to call your attention to the fact that you have a man in your employ by the name of F. A. Meyers, on whom we hold an assignment of wages to the extent of $15.35, and providing attorney's fees of $10.00. We realize the fact that to file on employés is a nuisance to the employer, and we wish to avoid the necessity of this by requesting you to call said Meyers' attention to this matter, that he may give it the proper attention at once.

"Respectfully,　　Texas Furniture Co.,
"By T. M. Leslie."

The substance of the libelous matter stated in the letter is that appellant held an assignment of appellee's wages to the extent of $15.35, and providing attorney's fees of $10. The petition, while not copying said language in hæc verba, clearly sets forth the import of said language, so it actually carries the same meaning as the exact words in the letter convey. The petition also makes certain innuendoes explaining wherein the language used is libelous and calculated to affect plaintiff's character and reputation for honesty, etc.; that it was falsely and maliciously made and shows wherein plaintiff was damaged. The petition states, clearly and unequivocally, of how appellee was libeled, by which the defendant was fully informed of what plaintiff

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

was seeking damages, and from which the court could determine whether the words used were actionable. The rules of pleading in our state do not require a different rule in action for libel from other cases; but the pleader—

"must allege such facts as show his right, and the defendant's violation of that right, and the injury, resulting either as a presumption of law or in fact." Towne's Pleading (2d Ed.) p. 561.

In the case of Bradstreet v. Gill, 72 Tex. 115, 9 S. W. 753, 2 L. R. A. 405, 13 Am. St. Rep. 768, a suit for libel, and where a general demurrer was sustained for want of a clear and succinct statement of the libelous language used, the court said:

"Our rules of pleading require that the petition shall set forth 'a full and clear statement of the cause of action, and such other allegations pertinent to the cause as the plaintiff may deem necessary to sustain his suit,' etc. It has been many times decided by our courts that the common-law distinctions as to pleading and its technicalities do not prevail with us, but that a clear and logical statement of the cause of action is all that is necessary. A clear statement of the facts constituting the cause of action cannot, however, be dispensed with. The character of the suit must be the guide to the pleader, and enough must be stated to constitute a cause of action. In a suit on a note it will be sufficient to state the substance and legal effect of the note; not so in a suit for libel. A libel suit is based on language or its equivalent."

The Bradstreet Case, supra, is cited by appellant to sustain its proposition that the libelous language should be set out hæc verba. The court say in that case that:

"This is not a case where the pleader must from the nature of the publication resort to a verbal description of the slanderous matter, as it would be when movements, postures, or pictures are used. Plaintiff could have stated his cause of action as it was in clear terms. He has not done so. It is not sufficient in this kind of a suit to state the substance of the language used or its meaning. We believe the general demurrer ought to have been sustained."

From what the court had theretofore said, we do not understand that the court meant in every libel suit it was absolutely necessary to set out in the petition in hæc verba the exact language upon which a cause of action is based to make it proof against a general demurrer, but only to show the necessity of making a clear and full statement that will show a cause of action. While it would be better that the pleader make a clear statement of his cause of action and obviate the risk of a wrong conception of what was intended to be said by using the exact language relied on as libelous.

In the instant case there is no room for misconception. The allegations so nearly copy the language verbatim that there can be no mistake as to what the libelous words used are or their meaning.

We think there was no error committed in overruling the demurrer.

[2] It is further urged that:

"The language used was not libelous per se, and said words therein contained were not libelous per se, nor were the same alleged by apt and proper counts or allegations or innuendo to have been libelous in any form."

The petition alleges such language, with such innuendoes as would affect appellee's reputation financially, subject him to contempt and ridicule, and cause him financial injury. R. S. 1911, art. 5595. Such contention is not concurred in by this court.

The evidence, which is practically undisputed, is sufficient to show damage to appellee.

The jury have passed upon the amount, and we do not feel authorized to disturb it. The judgment is affirmed.